UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN WILLIAM DAVIS, III,<br>    *Plaintiff,* | ) | 18-cv-1279 (KAD) |
| | ) | |
| v. | ) | |
| | ) | |
| STOP & SHOP SUPERMARKET,<br>KELLY COLLINS, UFCW LOCAL 371,<br>    *Defendants.* | )<br>)<br>) | May 21, 2019 |

**MEMORANDUM OF DECISION RE:**
**UFCW LOCAL 371'S MOTION TO DISMISS (ECF NO. 24)**

Kari A. Dooley, United States District Judge

**Preliminary Statement of the Case**

The Plaintiff, John William Davis, III, proceeding *pro se*, brings this employment discrimination action alleging that he was terminated by Defendant Stop & Shop Supermarket in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* A separate Defendant, the United Food and Commercial Works Union, Local 371 ("UFCW Local 371"), moved to dismiss, under Rule 12(b)(6), the Plaintiff's Complaint on April 4, 2019. (ECF No. 24.) As of the date of this memorandum of decision, the Plaintiff has neither objected to or otherwise responded to UFCW Local 371's motion. For the following reasons, UFCW Local 371's motion is **GRANTED**.

**Standard of Review**

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), the Court "draw[s] all reasonable inferences in [the Plaintiff's] favor, assume[s] all well-pleaded factual allegations to be true, and determine[s] whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks

omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Although a *pro se* complaint must be liberally construed to raise the strongest arguments it may suggest, *see Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007), *pro se* litigants are nonetheless obligated to comply with the minimal standards of notice pleading under Rule 8, *see Nielsen v. Rabin,* 746 F.3d 58, 63 (2d Cir. 2014). In other words, "a pro se complaint must state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *see also Collins v. Blumenthal,* 581 F.Supp.2d 289, 291 (D. Conn. 2008) ("[T]he rule in favor of liberal construction cannot save pro se litigants who do not present cognizable arguments."). To satisfy Rule 8's standard that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

**Discussion**

UFCW Local 371 moves to dismiss on two grounds. First, that the Plaintiff's complaint "does not state a cause of action" against it. (ECF No. 24-1, 5-6.) And second, that the Plaintiff failed to exhaust his administrative remedies. (*Id.* at 6-7.) Because the Court finds that the Plaintiff's Complaint fails to plausibly allege any claim against this Defendant, it need not address UFCW Local 371's second argument.

The ***only*** reference to UFCW Local 371 in the Plaintiff's Complaint is in the case caption. (*See* ECF No. 1, 1.) The Plaintiff pleads no factual allegations against UFCW Local 371. (*See*

2

*generally, id.*) The allegations regarding the Plaintiff's termination are directed at Stop & Shop and one or more of its managers. And although the Motion to Dismiss was filed on April 4, 2019, the Plaintiff did not seek to amend his complaint or otherwise articulate the reason UFCW Local 371 is named in the caption of the complaint. In short, the Plaintiff articulates no discernible claim against UFCW Local 371. To state a claim under Title VII, a plaintiff must specifically allege the events he claims constitute intentional discrimination as well as circumstances giving rise to a plausible inference of a discriminatory intent. *Yusuf v. Vassar College*, 35 F.3d 709, 713 (2d Cir. 1994). As noted above, the Plaintiff has not met this pleading requirement. Accordingly, the Motion to Dismiss (ECF No. 24) is **GRANTED**.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of May 2019.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE