# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN WILLIAM DAVIS, III,<br>    *Plaintiff*, | )<br>)<br>) | 3:18-cv-01279 (KAD) |
| v. | )<br>) | |
| STOP & SHOP SUPERMARKET,<br>    *Defendant*. | )<br>) | November 4, 2019 |

### ORDER ON DEFENDANT'S MOTION TO DISMISS [ECF NO. 40]

Kari A. Dooley, United States District Judge:

On October 11, 2019, Defendant Stop & Shop Supermarket (the "Defendant") moved to dismiss with prejudice all claims brought by Plaintiff John William Davis, III (the "Plaintiff") in this action pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and Fed. R. Civ. P. 41(b), based upon the Plaintiff's failure to prosecute his claims and failure to obey this Court's May 28, 2019 Scheduling Order (ECF No. 32) and September 6, 2019 Order (ECF No. 38) granting the Defendant's Motion to Compel. For the reasons that follow, the Defendant's motion is GRANTED.

**Procedural History**

The Plaintiff, proceeding *pro se*, filed his complaint against the Defendant on August 1, 2018, alleging that he was wrongfully terminated from his employment at Stop & Shop Supermarket based upon his race and religion, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (ECF No. 1.) On February 20, 2019, the Defendant answered the complaint and denied its core allegations. (ECF No. 17.) The Court convened a Rule 16(b) conference when the Defendant advised the Court that all efforts to engage the Plaintiff in a Rule 26 planning meaning were unsuccessful and that the Plaintiff did not respond to repeated efforts to discuss the case. (ECF No. 28.) At the Rule 16(b) conference, the Court advised the Plaintiff, that as the Plaintiff, he had obligations to the Defendant as well as the Court under the Federal

1

Rules of Civil Procedure, which the Plaintiff acknowledged. Following the Rule 16(b) conference, the Court entered a scheduling order that required, *inter alia*, the Plaintiff to serve his Rule 26 initial discovery by June 28, 2019. (ECF No. 32.) On June 7, 2019, the Defendant served its initial discovery upon the Plaintiff, which required that the Plaintiff respond by July 8, 2019. (Fetner Decl. ¶¶ 4, 6, ECF No. 37-2.) The Plaintiff neither served his Rule 26 discovery on the Defendant by June 28, 2019 nor responded to the Defendant by the July 8, 2019 deadline. (*Id.* ¶¶ 5–6.) On July 24, 2019, counsel for the Defendant wrote to the Plaintiff via certified letter and e-mail to remind him of these deadlines and to request his prompt responses. (*Id.* ¶ 7.) Counsel included copies of Federal Rules of Civil Procedure 33, 34, and 36 with this correspondence. (*See* ECF No. 37-4.) The Plaintiff did not respond and the Defendant's counsel e-mailed Plaintiff again on August 7, 2019. (Fetner Decl. ¶¶ 8–9.) On August 15, 2019, the Defendant filed a motion to compel the Plaintiff's responses to the Defendant's Rule 26 initial discovery (ECF No. 37), which this Court granted on September 6, 2019 (ECF No. 38). The Court further ordered the Plaintiff to serve his Rule 26 initial discovery and to respond to the Defendant's discovery requests on or before September 27, 2019 and warned the Plaintiff that failure to comply with these deadlines could result in the imposition of sanctions, including dismissal of his case. (*Id.*)

To date the Plaintiff has neither propounded his own discovery nor responded or objected to the Defendant's discovery requests. Nor has the Plaintiff produced his initial disclosures as ordered on May 28, 2019 and again on September 6, 2019. On October 7, 2019, the Court held a telephonic status conference in which the Plaintiff indicated that he no longer wished to pursue his claims but nor did he want his claims dismissed with prejudice.[1] (ECF No. 39.) Following that

---

[1] The Defendant had already answered the complaint and therefore a voluntary dismissal by the Plaintiff without prejudice could only occur upon stipulation of the parties. Fed. R. Civ. P. 41(a)(1). The Defendant would not stipulate to a dismissal without prejudice.

conference, the Defendant filed the instant motion to dismiss. The Plaintiff has not responded and his time to do so has now passed.

**Discussion**

Fed. R. Civ. P. 37(b)(2)(A)(v) permits the Court to dismiss a case based upon a party's "fail[ure] to obey an order to provide or permit discovery." In determining whether such a sanction is warranted, the Court looks to such factors as: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (*per curiam*) (quotation marks and citation omitted).

Under the circumstances here,[2] an examination of these factors counsels dismissal of the Plaintiff's claims. The Court expressly and clearly warned the Plaintiff on September 6, 2019 that his failure to comply with the Court's orders could result in the imposition of sanctions, including dismissal. *See Lee v. Connecticut Dep't of Children*, No. 3:11-cv-01910 (AWT), 2015 WL 12991321, at *5 (D. Conn. Sept. 30, 2015), *aff'd sub nom. Lee v. Katz*, 669 F. App'x 57 (2d Cir. 2016) ("[N]on-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control.") (quotation marks and citations omitted). Further, the Plaintiff offers no reason or excuse for his noncompliance, save for his disinterest in pursuing his claims. The Court also considers the passage of time since the Plaintiff was first ordered to provide discovery to the Defendant. The Plaintiff was ordered to produce his initial disclosures by June 28, 2019. He has, to date, not done so. In granting the Defendant's motion to compel, the Court further ordered both

---

[2] There does not appear to be any factual dispute as to whether the Plaintiff has met his discovery obligations or complied with the Court's orders.

the initial disclosures and responses to duly served discovery to be provided by September 27, 2019. Again, the Plaintiff did not comply. Under the circumstances, the Court finds that no other sanction short of dismissal will suffice. *See, e.g.*, *Brissett v. Manhattan & Bronx Surface Transit Operating Auth.*, 472 F. App'x 73, 74 (2d Cir. 2012) (summary order) (upholding Rule 37 dismissal of employment discrimination action based upon *pro se* plaintiff's failure to comply with discovery orders, and recognizing that "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se,* so long as a warning has been given that noncompliance can result in dismissal.'") (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (*per curiam*)).

Alternatively, the Defendant seeks dismissal pursuant to Fed. R. Civ. P. 41(b), which contemplates a dismissal that "operates as an adjudication on the merits" "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." The Second Circuit has identified five factors to guide the Court's exercise of discretion under Rule 41(b): "whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (citation omitted).

Again, given the Plaintiff's failure to engage with defense counsel and his failure to comply with the rules of procedure and this Court's orders, these factors counsel dismissal under Rule 41(b). The Court first observes that the discovery window closed on September 28, 2019 (ECF No. 32), yet the Plaintiff has still not produced nor responded to a single discovery request. Indeed, nor has the Plaintiff propounded any discovery or noticed any depositions. The Plaintiff's conduct

has therefore caused a significant delay in the progress of the case. *See Suleski v. USI Consulting Grp., Inc.*, No. 3:17-cv-1503 (JBA), 2019 WL 1173016, at *2 (D. Conn. Mar. 13, 2019) ("an action lying dormant with no significant activity . . . may warrant dismissal after merely a matter of months" (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982)). Second, as noted above, the Plaintiff was advised on September 6, 2019 that failure to comply with his discovery obligations could result in dismissal of the action. (ECF No. 38.) Third, the Defendant has been prejudiced because it has incurred costs and attorneys' fees defending a case that the Plaintiff is not prosecuting. Prejudice may be found where, as here, the "Plaintiff has neither offered any explanation for [his] delay nor made any attempt to participate in this litigation in many months." *Suleski*, 2019 WL 1173016, at *3. Fourth, the Plaintiff failed to respond to the instant motion, and thereby "seemingly elected not to make use of [his] opportunity to be heard" a factor which weighs in favor of dismissal. *Id.* Finally, for the reasons noted above, the Court concludes that no lesser sanction will suffice given the Plaintiff's complete lack of involvement in prosecuting his claims.[3]

Accordingly, the Defendant's motion to dismiss is GRANTED and the case is dismissed with prejudice.

Fed. R. Civ. P. 37(b)(2)(C) also authorizes the Court to require a non-compliant party "to pay the reasonable expenses, including attorneys' fees" incurred by that lack of compliance "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Citing this provision, the Defendant asks the Court to award the Defendant its expenses incurred

---

[3] The Plaintiff openly shared with the Court and the Defendant that he is trying to move on from the events surrounding his termination and that he is focusing on his family, specifically, his grandson and his grandson's career in the entertainment industry. In dismissing the Plaintiff's claims, the Court does not pass judgment upon the Plaintiff's reasons for not prosecuting his claims. Rather, the Court examines the fact of the Plaintiff's failures and the concomitant consequences under the federal rules.

in making the instant motion, including attorneys' fees. The Court, however, declines to issue such an order in light of the Plaintiff's *pro se* status. *See Quiles v. Beth Israel Med. Ctr.*, 168 F.R.D. 15, 19 (S.D.N.Y. 1996) (granting Rule 37 dismissal but concluding that "[b]ecause the plaintiff is appearing pro se, this is not a case where monetary sanctions would be reasonable, nor can sanctions be imposed upon the plaintiff's lawyer."). The Defendant's request for reasonable expenses, including attorneys' fees, is therefore DENIED.

**Conclusion**

For the foregoing reasons, the Defendant's motion to dismiss is GRANTED and the Clerk of the Court is instructed to enter judgment for the Defendant and to close this case.

So Ordered, this 4th day of November 2019.

_____/S/_____
Kari A. Dooley, U.S.D.J.